KING, Judge,
concurring.
I concur in the affirmation of the judgment of the trial court.
A plaintiff-broker must prove he was a procuring cause of the ultimate sale to be entitled to a sales commission. Creely v. Leisure Living, Inc., 437 So.2d 816 (La.1983).
“Procuring cause has been defined as a cause originating or setting in motion a series of events which, without break in their continuity, result in the accomplishment of the prime object of the employment of the broker', ... ”. (Citations omitted.) Creely v. Leisure Living, Inc., supra, at pages 820-821.
*1332 See also Norwood & Hyde, Extension Clauses in Louisiana Listing Agreements, 42 La.L.Rev. 1011 (1982).
The trial judge found, under the particular facts and circumstances of this case, that the plaintiff-broker was the procuring cause of the sale as he was the cause originating or setting in motion a series of events which resulted in the ultimate sale of the defendants’ property which accomplished the prime object of the employment of the plaintiff-broker.
There is evidence that before the listing contract expired the plaintiff-broker made efforts to negotiate the sale and that the price and terms of the sale were agreed upon between the parties. The ultimate sale was to the purchaser whom the plaintiff-broker had located and the terms of the sale were identical to those previously agreed upon during the time the plaintiff-broker, the defendants, and the purchaser were negotiating. Defendants themselves recognized the plaintiff-broker’s right to his commission if their property was ultimately sold, on the terms originally agreed on, to the purchaser the plaintiff-broker found. This was done by defendant’s reserving this possible sale from subsequent listing agreements. The trial judge found defendant’s reservation of this possible sale in subsequent listing agreements acted as an acknowledgement that the plaintiff-broker was the procuring cause, if a sale was ultimately made to the purchaser found by the plaintiff-broker on the terms originally proposed, even though there was a break in the continuity of events. I do not find that the trial judge was manifestly in error or clearly wrong in making this finding of fact.
For these reasons I respectfully concur.